UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIRECT CONNECT LOGISTIX, INC. ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 1:18-cv-2559 |
| ) | |
| UNIVERSAL TRANSPORT ) | |
| TRUCKING, LLC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Comes now Plaintiff, Direct Connect Logistix, Inc., by counsel, and for its Complaint against Defendant, Universal Transport Trucking, LLC, alleges the following:

## PARTIES

1. Plaintiff, Direct Connect Logistix, Inc. ("DCL"), is an Indiana corporation with its principal office located in Marion County, Indiana.

2. Defendant, Universal Transport Trucking, LLC. ("UTT") is a corporation organized under the laws of and with its principal place of business in the State of Illinois.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court because this litigation arises under federal law. This action presents a federal question arising under the Carmack Amendment, 49 C.F.R. 14706 et seq., and the matter in controversy exceed $10,000, excluding interests and costs.

4. This Court has personal jurisdiction over UTT because it has engaged in continuous and systematic business in this district, including transporting shipments of product to, from, and/or through this district, business dealings with business(es) in this district (including Plaintiff), and the advertising and sale of its products to Indiana businesses through

the internet. UTT also executed a contract with Plaintiff providing this Court with exclusive jurisdiction over and venue for any disputes arising out of that contract (including the instant dispute).

5. Venue is additionally proper in this district under 28 U.S.C. §§1391(b) because substantial activities giving rise to the claims herein occurred in this district, including the harm to Plaintiff DCL being suffered here.

## FACTS

6. DCL is authorized, pursuant to Permit No. MC-689995 as issued by the Federal Motor Carrier Safety Administration ("FMCSA"), as a property broker to arrange for the transportation of property by authorized motor carriers on a nationwide basis (including specifically in and through this jurisdiction).

7. UTT is authorized, pursuant to Permit No. MC-907458 as issued by the FMCSA, as a for-hire motor carrier that transports property on a nationwide basis (upon information and belief, including specifically in and through this jurisdiction).

8. On April 4, 2018, UTT entered into an agreement with DCL to become a Contract Carrier for DCL. A true and accurate copy of that agreement (herein the "Contract") is attached hereto as Exhibit A.

9. On or about April 13, 2018, UTT agreed to transport various automobiles for DCL, including specifically a 2015 Ford Flex that was being transported from Ann Arbor, Michigan to Midlothian, Illinois (the "Shipment").

10. The Shipment, when tendered to and accepted by UTT, was in good and merchantable condition.

11.     However, during transport, and while in UTT's control, custody, and care, UTT caused the Shipment to fall off the transport and become damaged. UTT further failed to deliver the Shipment by April 16, as agreed and required.

12.     After UTT damaged and failed to timely deliver the Shipment, the shipper who brokered the load through DCL filed a cargo loss and damage claim with DCL in the amount of $15,892.00 for which DCL is responsible for payment in full pursuant to DCL's contract. This is the amount of damage caused by UTT's actions in damaging the Shipment.

13.     DCL, in turn, made a claim against UTT for the $15,892.00 in damages that had been caused by UTT. However, since the making of that claim months prior to the filing of this litigation, UTT has refused to acknowledge its liability or pay the claim made by DCL.

14.     All conditions precedent to DCL's claims have occurred, been satisfied or waived.

## COUNT I – BREACH OF CONTRACT

15.     DCL incorporates by reference the allegations in Paragraphs 1 through 13 above as if fully set forth herein.

16.     DCL and UTT agreed that UTT would transport the Shipment from Ann Arbor, Michigan to Midlothian, Illinois, but UTT breached this agreement by failing to deliver the Shipment in good condition or at the time and place as required by the parties' agreement.

17.     UTT further breached the parties' agreement by failing to indemnify and hold DCL harmless against all loss, liabilities, costs, and/or expenses, including attorney's fees, arising out of or in any way related to the performance or breach of the parties' Agreement by UTT. See Exh. A at ¶¶ 12, 16.

18. DCL has performed all of its obligations and duties under the parties' agreement.

19. UTT breach has proximately caused harm to DCL in an amount equal to $15,892.00 plus reasonable attorneys' fees incurred in enforcing the parties' agreement and seeking damages (as expressly allowed and required pursuant to Paragraphs 12 and 16 of the Agreement).

WHEREFORE, Plaintiff, Direct Connect Logistix, Inc., prays for judgment against Defendant in an amount equal to the damages identified and requested above, for attorneys' fees, expenses, and costs incurred by Plaintiff, for pre- and post-judgment interest, and for all other relief that the Court determines to be just and proper.

## **COUNT II – CARMACK AMENDMENT**

20. DCL incorporates by reference the allegations in Paragraphs 1 through 18 above as if fully set forth herein.

21. The Carmack Amendment, as codified at 49 U.S.C. ¶ 14706, holds a motor carrier liable for damages to cargo when the shipment is tendered to the motor carrier in good condition and either fails to arrive at its destination or arrives in a damaged state.

22. The Shipment was tendered to UTT in good and merchantable condition, but UTT failed to deliver the Shipment in an undamaged state and timely manner such that UTT is liable to DCL under the Carmack Amendment for damages.

23. DCL's damages, as proximately caused by UTT's actions creating liability to DCL under the Carmack Amendment, are $15,892.00.

WHEREFORE, Plaintiff, Direct Connect Logistix, Inc., prays for judgment against Defendant in an amount equal to the damages identified and requested above, for expenses and

costs incurred by Plaintiff, for pre- and post-judgment interest, and for all other relief that the Court determines to be just and proper.

                Respectfully submitted,

                /s/ Jacob R. Cox_____
                Jacob R. Cox, Attorney No. 26321-49
                **COX LAW OFFICE**
                1606 N. Delaware Street
                Indianapolis, Indiana 46202
                T: 317.884.8550
                F: 317.660.2453
                jcox@coxlaw.com

                *Attorney for Plaintiff Direct Connect Logistix, Inc.*

### Certificate of Service

      I hereby certify that a copy of the foregoing, the Appearance of Counsel for Plaintiffs, and copies of the Summons to Defendant, all as filed with the Clerk in this matter, have been served via Certified U.S. Mail, on the 20th day of August, 2018, addressed to the following:

Universal Transport Trucking, LLC
20122 Park Ave.
Lynwood, IL 60411

                /s/ Jacob R. Cox_____
                Jacob R. Cox